OPINION *Page 2 
{¶ 1} On February 12, 2007, the Stark County Grand Jury indicted appellant, James Toles, on one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331. Said charge arose from an incident wherein Stark County Sheriff's Deputy Andrew Flowers observed a vehicle make a u-turn at the intersection of Cherry Avenue and Eleventh Street while the light was red. Deputy Flowers activated his lights and siren, but the vehicle proceeded to State Route 30 where it became involved in an accident with another motorist. The vehicle then exited the highway at the Navarre Road exit, and Deputy Flowers ceased his pursuit. The vehicle's license plate was recovered from the accident scene. The plate belonged to appellant. Appellant's photograph was shown to Deputy Flowers, and he identified appellant as the driver of the vehicle. Some six hours after the incident, appellant went to the Canton Police Department to report that his vehicle had been stolen during a drug deal. Appellant had not reported the vehicle as stolen earlier because he claimed he had been walking around looking for the vehicle. The vehicle was later recovered a half mile from appellant's girlfriend's house.
 {¶ 2} A jury trial was held on July 10, 2007. The jury found appellant guilty. By judgment entry filed July 16, 2007, the trial court sentenced appellant to four years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 4} "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I {¶ 5} Appellant claims his conviction for failing to comply with the order or signal of a police officer was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. *Page 4 
 {¶ 7} Appellant was convicted of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) which states, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
 {¶ 8} The thrust of appellant's argument is that although it was his vehicle involved in the chase from Cherry Avenue to State Route 30, he was not the driver of the vehicle. Appellant claimed the vehicle was stolen after he had left it running to chase persons who had taken his money during a drug deal. Vol. I T. at 121-122; Vol. II T. at 21-22.
 {¶ 9} Deputy Flowers, who observed the u-turn and pursued the vehicle with his lights and siren, testified he observed the driver for approximately three seconds in bright daylight, 1:00 p.m. Vol. I T. at 90, 97-98. Although Deputy Flowers's observation of the driver was mainly of the side of his face, he did observe the front of the driver's face as well. Id. at 111-112. Deputy Flowers identified appellant as the driver of the vehicle from a photograph at the Sheriff's Office and in the courtroom. Id. at 91, 96. The identification at the Sheriff's Office was made two hours after the chase. T. at 97.
 {¶ 10} "Prior identification of the accused may be shown by the testimony of the identifier, or by the testimony of a third person to whom or in whose presence the identification was made, where the identifier has testified and is available for cross-examination, not as original, independent or substantive proof of the identity of the accused as the guilty party, but as corroboration of the testimony of the identifying witness as to the identity of the accused." State v.Lancaster (1971), 25 Ohio St.2d 83, paragraph five of the syllabus. *Page 5 
 {¶ 11} Apart from this identification testimony, appellant's girlfriend lived only a half mile from where the vehicle was recovered. Vol. I T. at 119. Although appellant testified he wandered around Canton in search of his vehicle, he did not report it stolen to the Canton Police Department until six hours after the incident. Id. at 116.
 {¶ 12} Furthermore, appellant's claimed defense was not corroborated by his witness, Pastor Toni Pugh. Appellant claimed he had gone to see Pastor Pugh the evening of the incident which was on a Monday, but Pastor Pugh claimed he spoke to appellant on a Thursday at the Jewish Community Center, the evening his son has gymnastics there. Vol. II T. at 6, 13, 28. Appellant's only explanation as to the difference between Monday and Thursday was that Pastor Pugh was mistaken. Id. at 24-25.
 {¶ 13} Upon review, we find the evidence as presented and the identification by Deputy Flowers to be sufficient to support the jury's finding of guilty, and we find no manifest miscarriage of justice.
 {¶ 14} The sole assignment of error is denied. *Page 6 
 {¶ 15} The judgment of the Court hereby affirmed.
 Farmer, J., Gwin, P.J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1